# Price, Appellant, *v.* Little.

*Libel—Alderman—Newspaper criticism—Satisfaction—Instructions to the jury.*

In an action for libel brought by an alderman for a publication charging him with misconduct in office and with being interested in a case upon which he had sat in judgment, it was not reversible error for the trial judge in his charge to the jury to comment upon the ethics which should be observed by a magistrate in disposing of the cases before him, particularly where litigants are not represented by counsel and do not know the law, and to say that a magistrate ought not to sit in a case where the relations between himself and the suitors were so close as to cast suspicion upon him, and that a magistrate who brought a suit in his own court for a case in which he was personally interested would be guilty of misconduct.


Argued Feb. 19, 1917. Appeal, No. 193, Jan. T., 1916, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1912, No. 278, on verdict for defendant, in case of Thomas J. Price v. Richard Little. Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.


Trespass for libel. Before STAPLES, P. J.

From the record it appeared that the alleged libelous article complained of consisted of an account of a proceeding brought before the plaintiff as alderman of the Thirteenth ward of the City of Scranton.

Defendant offered evidence to prove that the publication was true.

The court charged the jury in part as follows: .

"You will remember, likely, the details of the evidence with regard to these charges of arbitrary conduct upon his part. We preface our remarks upon this subject with this, gentlemen of the jury: a magistrate is an officer of the law, his office is established largely for the convenience of the people and especially of the poorer class of people. It is not the rich as a rule who are called into a magistrate's court, it is the poor who get there. As a rule the amounts that as sued for and the offenses charged against persons are small amounts and minor offenses. Of course, in the process of the criminal side of the court and the law, all kinds of charges against persons for crimes and felonies must be instituted in the magistrate's court; but, as a rule, persons who are well to do, or have money at hand retain counsel or attorneys-at-law who take charge of their affairs and who go before the magistrates and look carefully after the rights of their clients, and this therefore puts a guard upon the magistrate and he is more inclined, I think it would be fair to say, to strictly obey the law and do his duty where there are counsel able and fitted to take care of the business which is brought before the magistrate, but a poor person, a person not well to do, is not in the same class, and he is at least entitled to information from a magistrate as to what he should do, and if the magistrate neglects to give that information to the person who is brought into his court and permits him to go on and neglect something that he ought to do until he is caught and then unable to do it and protect his right, that would be a matter of criticism, we take it, by a newspaper, if made in proper manner. It is a part or should be a part of the ethics in a magistrate's office the same as a part of the ethics in the Common Pleas Court. No judge in the Court of Common Pleas who had any regard to the proprieties of life and of his office should sit in a case

in which he had the least interest. He would call in another judge. He ought not to sit in a case where the relations between himself and some suitor were so close as even to cast suspicion upon him, and a magistrate who brought a suit in his own court for a claim in which he was personally interested in the mind of the court would be guilty of misconduct, to say nothing further about it." (2)

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Error assigned* was (2) charge of the court.

*Charles H. Soper,* for appellant.

*John F. Scragg,* with him *Robert E. Scragg* and *Harold A. Scragg,* for appellee.

PER CURIAM, March 23, 1917:

In this action for libel the verdict was for the defendant, and from the judgment on it the plaintiff has appealed. What is termed the first assignment of error is but a legal conclusion of counsel, and is, therefore, dismissed. By the second assignment error is charged in the quoted portion of the instructions to the jury. While the learned trial judge might properly have omitted from his charge what is complained of, no legal error is discoverable in it, and the judgment is, therefore, affirmed.